UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CRAIG JOSEPH BERTHELOT, JR., ET AL.**   CIVIL ACTION

**VERSUS**   NO: 09-4460

**MURPHY OIL USA, INC., ET AL.**   SECTION: "R" (4)

## ORDER

Before the Court is **Murphy Oil USA, Inc.'s Motion for Leave to File Supplemental Answer (R. Doc. 7)**, filed by Defendant, Murphy Oil USA, Inc., et al. ("Murphy Oil"), seeking an Order from this Court granting it leave to file a Supplemental Answer. The Plaintiffs, Craig Joseph Berthelot, et al. (collectively, "the Berthelots") did not file a response opposing the motion. The motion was heard with oral argument on Wednesday, September 30, 2009.

### I.   Background

Craig Joseph Berthelot claims that he was injured in the course of his employment when a transformer he was repairing blew up and burning oil landed on his skin, causing him to jump to the ground from a bucket truck. (R. Doc. 1-3, Exh. A, ¶ V.) He claims that he was injured by the burning oil and the jump from the bucket. (R. Doc. 1-3, Exh. A, ¶ VI.) He further claims that he was injured as a result of Murphy Oil's negligence. (R. Doc. 1-3, Exh. ¶ VIII.) Murphy Oil removed the case to federal court on July 22, 2009. (R. Doc. 1.)

On August 18, 2009, Murphy Oil filed a motion for leave to file a supplemental answer asserting additional affirmative defenses against the Berthelots. (R. Doc. 7.) At the time the motion

was filed, there was no Scheduling Order in place. The presiding Judge issued a Scheduling Order on October 15, 2009, setting November 15, 2009, as the deadline for filing amendments to pleadings. (R. Doc. 23, p. 2.) In its Supplemental Answer, Murphy Oil seeks to add the following defenses: (1) that the Berthelots failed to mitigate damages, (2) that Berthelot's injury was caused by an unavoidable accident, (3) that Murphy Oil is entitled to credit for any payments made to or on behalf of the Berthelots from any source, and (4) that Murphy Oil is immune from tort liability as a statutory employer under La. Rev. Stat. Ann. § 23:1061. (R. Doc. 7-4, pp. 1-2.)

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs the amendment of pleadings and provides that a "court should freely give leave when justice so requires." The Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial

court may consider such factors as: (1) undue delay, bad faith, or dilatory motive by the movant; (2) the repeated failure to cure deficiencies by previously allowed amendments; (3) undue prejudice to the opposing party if the amendment is allowed; and (4) futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

### III. Analysis

Murphy Oil argues that it should be permitted to supplement its answer to add the additional defenses because at the time they filed for leave to amend, the case had yet to be set for trial and no discovery had been conducted. (R. Doc. 7-2, p. 1.) Therefore, it argues that the amendment will not prejudice the Berthelots by causing any undue delay in the matter. (R. Doc. 7-2, p. 2.) The Berthelots do not oppose the motion, however the Court will *sua sponte* consider whether the motion has merit.

There is no indication that Murphy Oil has filed the amendment with undue delay, bad faith, or dilatory motive. The amendment was filed before the trial was set, the Scheduling Order was in place, or any discovery had been conducted. Furthermore, there is no indication that Murphy Oil has repeatedly failed to cure deficiencies by previously allowed amendments. This is its first attempt to amend its answer. At the time the amendment was propose, no discovery had been conducted and no trial was set, therefore, there is also no undue prejudice to the Berthelots if the amendment is allowed. Finally, as to the futility of the amendment, neither party argues this point, however, in light of all the other factors and the liberal policy favoring amendment, this Court finds that Murphy Oil's motion for leave to amend has merit.

### IV. Conclusion

Under Local Rule 7.5E, any opposition memorandum is due eight (8) days prior to the

3

hearing. The Berthelots did not file a memorandum in opposition, nor request for an extension of time within which to oppose the motion. Accordingly, after concluding that the motion has merit,

**IT IS ORDERED** that **Murphy Oil USA, Inc.'s Motion for Leave to File Supplemental Answer (R. Doc. 7)** is hereby **GRANTED AS UNOPPOSED**.

New Orleans, Louisiana, this 23rd day of November 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**